DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ, (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY FRANKLIN, et al., Plaintiff, v. CITY AND COUNTY OF SAN FRANCISCO, Defendant | Case No.: C06-5604-TEH **STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE [PROPOSED] ORDER THEREON** Before: Honorable Thelton E. Henderson |

## STIPULATION

The Plaintiffs and Defendant in the above-captioned action hereby stipulate as follows:

1. Plaintiffs are 13 current and former employees of the City and County of San Francisco's Sheriff's Department ("the City").[1] Plaintiffs and the City are collectively referred to herein as the "Parties".

---

[1] Plaintiff Kimberly Franklin stipulated to the dismissal of her claims. The Court dismissed her claims by order dated October 25, 2007.

2. Plaintiffs filed their Complaint on September 12, 2006, alleging that the City violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to properly compensate for overtime hours worked. Plaintiffs contend that the City violated the FLSA by not including certain premium pay when calculating their regular rate of pay for FLSA overtime purposes. 29 U.S.C. § 207. The Complaint seeks recovery of allegedly unpaid overtime, liquidated damages, attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiffs further contend that the City's conduct was willful and, thus, warrants application of the three-year statute of limitations. 29 U.S.C. § 255.

3. The named plaintiffs brought this case in a representative capacity on behalf of themselves and other similarly situated. *See*, 29 U.S.C. § 216(b). Under Section 216(b) any one or more employees may bring an action on behalf of "himself or themselves and other employees similarly situated." That Section further provides that "no employee shall be a party plaintiff in any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought". 29 U.S.C. § 216(b).

4. The City filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto. The City disputes the claims and allegations of the Complaint in their entirety.

5. The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in litigation of FLSA claims.

6. The Parties wish to avoid the uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement of the Parties' dispute. The terms of the Parties' agreement are embodied in the Settlement Agreement and General

Release of All Claims, and Addendum No. 1 to the Settlement Agreement ("Collectively referred to as the Settlement Agreement") which all Parties have executed. A copy of the Settlement Agreement is attached and incorporated herein;

7. Plaintiffs' potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of the Settlement Agreement are consistent with and within the range of reasonable result that the Plaintiffs might expect to obtain after a trial;

8. Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. *Lynns Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness. *Id.* at 1353;

9. The Parties present the Court with this Stipulation re Approval of Settlement Agreement and Dismissal with Prejudice and [Proposed] Order Thereon ("Stipulation and Order") through which they intend to finally resolve all claims asserted in this Action based upon the terms set forth in the Settlement Agreement;

10. By entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determination regarding the Defendant's alleged violation of the FLSA, or any other federal or state law, regulation, order, or rule. This Stipulation and Order, and any exhibits and any other documents or written materials prepared in conjunction with this Stipulation and Order, should not constitute evidence of, or any admission of, any violation of the FLSA, or any other federal or state law, regulation, order, or rule by any Party.

11. Each Plaintiff has reviewed and executed the Settlement Agreement. Each Plaintiff: had an opportunity to consult with an attorney concerning the Settlement Agreement, including the releases contained therein; acknowledges that she or he has read and understands the Settlement Agreement, agreed to its terms, signed the Settlement Agreement voluntarily and without coercion; and acknowledges that the release and waivers he or she has made therein are knowing, conscious and with full appreciation that he or she is forever foreclosed from pursuing any of the rights or claims so released or waived.

12. The Parties jointly request the Court approve the terms and conditions of the Settlement Agreement and enter the Stipulation and Order;

IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

1. The Settlement Agreement, which is incorporated herein by reference, is fair, reasonable and just in all respects as to the Plaintiffs, and the Court should therefore approve the Settlement Agreement and enter this Stipulation and Order;

2. The Court should reserve jurisdiction with respect to this Action for the limited purpose of enforcing, if necessary, the Settlement Agreement;

3. The award of and allocation of costs and attorneys fees should be as provided for in the Settlement Agreement;

4. Upon the Court's approval of the Settlement Agreement, this Action should be dismissed with prejudice.

Dated: Dec 24, 2007

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER

DAVID E. MASTAGNI
Attorneys for Plaintiffs

Dated: 12-24-07        DEPUTY CITY ATTORNEY OF SAN FRANCISCO

_____
JONATHAN ROLNICK
Attorney for Defendant

## [~~PROPOSED~~] ORDER

The Court has carefully reviewed the Settlement Agreement, and the proposed Stipulation and Order. Based upon a review of the record, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement Agreement in accordance with its terms;

2. The Court reserves jurisdiction with respect to this Action for the limited purpose of enforcing, if necessary, the Settlement Agreement;

3. The award and allocation of costs and attorneys fees shall be provided for in the Settlement Agreement;

4. The Court has made no findings or determination regarding the Defendant's alleged violation of the FLSA, or any other federal or state law, regulation, order, or rule, and this Stipulation and Order and any exhibits and any of the other documents or written materials prepared in conjunction with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of the FLSA, or any other federal or state law, regulation, order or rule;

5. This Action is hereby dismissed with prejudice.

Dated: January 2, 2008

```
_____
HONORABLE _____
```

*IT IS SO ORDERED*
Judge Thelton E. Henderson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA